UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>2003 LAND ROVER RANGE ROVER,<br>VIN: SALME 11443A132891, LICENSE<br>NUMBER: 5BNH073,<br><br>        Defendant. | 1:06-cv-0246 OWW TAG<br><br>ORDER AFTER SCHEDULING<br>CONFERENCE<br><br>Further Scheduling<br>Conference Date: 10/13/06<br>8:45 Ctrm. 3 |

I.  Date of Scheduling Conference.

    August 11, 2006.

II. Appearances Of Counsel.

    Stephanie Hamilton Borchers, Esq., Assistant United States Attorney, appeared on behalf of Plaintiff.

    Gloria Zarco, Esq., appeared on behalf of Lienholder Land Rover Capital Group.

III. Summary of Pleadings.

    1.  This is an *in rem* civil forfeiture action.  In its Verified Complaint for Forfeiture *In Rem*, the government alleges that the Defendant vehicle constitutes a conveyance used or intended to be used to transport, or to facilitate the

1

1 | transportation, sale, receipt, possession, or concealment of a
2 | controlled substance and is subject to forfeiture to the United
3 | States pursuant to 21 U.S.C. § 881(a)(4).
4 |     2.   The Defendant 2003 Land Rover Range Rover, VIN:
5 | SALME11443A132891, License Number 5BNH073 (hereinafter the
6 | "Defendant vehicle"), was seized on July 27, 2005, on land in the
7 | Eastern District of California by the Drug Enforcement
8 | Administration ("DEA").  On March 17, 2006, the Defendant vehicle
9 | was arrested pursuant to the Warrant and Summons of Arrest issued
10 | by U.S. Magistrate Judge Lawrence J. O'Neill.  The action was
11 | published on April 6, 2006, in *The Daily Report* (Kern County)
12 | pursuant to the Order of Publication filed March 12, 2006.  The
13 | Proof of Publication was filed on April 17, 2006.
14 |     3.   On or about March 10, 2006, the government sent copies
15 | of the Complaint, Application and Order for Publication, Warrant
16 | and Summons for Arrest, Order Setting Mandatory Scheduling
17 | Conference, Notice of Availability of Magistrate Judge, standing
18 | order in all civil cases assigned to U.S. District Judge Oliver
19 | W. Wanger and Notice of Availability Voluntary Dispute Resolution
20 | to Ray C. Sharpe at 4625 Wynn Road, Suite 223, Las Vegas, Nevada
21 | 89103, by certified mail receipt number 7002 2030 0001 4136 1796.
22 | On or about April 4, 2006, the United States Attorney's Office
23 | received the certified mail receipt signed received by Ray
24 | Sharpe.
25 |     4.   Additionally, on March 20, 2006, a Deputy U.S. Marshal
26 | attempted to personally serve copies of the above listed
27 | documents on Ray c. Sharpe at his last known address located at
28 | 1090 South Third Avenue, Chula Vista, California 91911.  The

address was a strip mall and the Deputy U.S. Marshal was unable to serve Mr. Sharpe.

5. On or about May 2, 2006, counsel for Plaintiff was contacted by the law firm of Byers & Warrick, seeking an extension of time to file a claim and answer on behalf of Mr. Sharpe. Plaintiff granted Mr. Sharpe an extension until July 17. On July 17, Plaintiff was contacted by Daniel Ponce of Byers & Warrick seeking an additional one week extension on Mr. Sharpe's behalf. Mr. Ponce indicated they needed the additional time to determine whether Mr. Sharpe wanted to pursue a claim. To date, no claim or answer has been filed by Mr. Sharpe and no further extension of time has been sought by Mr. Sharpe or any attorney on Mr. Sharpe's behalf.

6. On May 3, 2006, Richard Alexander Garcia was personally served with copies of the Complaint, Application and Order for Publication, Warrant and Summons for Arrest, Order Setting Mandatory Scheduling Conference, Notice of Availability of Magistrate Judge, standing order in all civil cases assigned to U.S. District Judge Oliver W. Wanger and Notice of Availability Voluntary Dispute Resolution.

7. Lienholder Land Rover Capital Group (hereinafter "Capital Group"), has filed a claim and answer in this action claiming an interest in the Defendant vehicle. Capital Group intends to request an expedited settlement with the government.

8. To date, no other potential claimants have filed a claim or answer in this action.

9. By virtue of the inability to communicate the government intends to file Requests for Clerk's Defaults as to

3

both Ray C. Sharpe and Richard Alexander Garcia.

IV.   Orders Re Amendments To Pleadings.

   1.   The parties do not anticipate filing any amendments to the pleadings at this time.

V.   Factual Summary.

   A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

      1.   The Defendant 2003 Land Rover Range Rover VIN: SALME11443A132891, was seized on July 27, 2005, in the Eastern District of California by the DEA.

      2.   On March 27, 2006, the Defendant vehicle was arrested pursuant to Warrant and Summons of Arrest issued by Magistrate Judge Lawrence J. O'Neill.

      3.   The action was published on April 6, 2006, in *The Daily Report* (Kern County) pursuant to order of publication filed March 12, 2006.

      4.   Proof of publication was filed April 17, 2006.

   B.   Contested Facts.

      1.   The nature and priority of Land Rover Capital Group's lien claim.

      2.   Right to forfeit the Defendant vehicle.

VI.   Legal Issues.

   A.   Uncontested.

      1.   Jurisdiction exists under 28 U.S.C. §§ 1345 and 1355 and 21 U.S.C. § 881.

      2.   Venue is proper under 28 U.S.C. § 1395.

   B.   Contested.

      1.   All other legal issues are contested.

4

**VII. Consent to Magistrate Judge Jurisdiction.**

    1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

**VIII.**    **Corporate Identification Statement.**

    1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

**IX.**    **Further Scheduling Conference.**

    1.   A further scheduling conference shall be held in this case on October 13, 2006, at 8:45 a.m.  The government shall proceed to files its Request for Entry of Default.  The appearing parties are encouraged to communicate and to determine whether they can resolve any issues that exist between them.

IT IS SO ORDERED.

**Dated:   August 17, 2006**　　　　　　　　　　　　**/s/ Oliver W. Wanger**
emm0d6　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE