UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>2003 LAND ROVER RANGE ROVER,<br>VIN: SALME 11443A132891, LICENSE<br>NUMBER: 5BNH073,<br><br>        Defendant. | 1:06-cv-0246 OWW TAG<br><br>SCHEDULING CONFERENCE ORDER |

I. Date of Scheduling Conference.

    October 13, 2006.

II. Appearances Of Counsel.

    Stephanie Hamilton Borchers, Esq., Assistant Untied States Attorney, appeared on behalf of Plaintiff.

    Gloria Zarco, Esq., appeared on behalf of Lienholder Land Rover Capital Group.

III. Summary of Pleadings.

    1.  This is an *in rem* civil forfeiture action.  In its Verified Complaint for Forfeiture *In Rem*, the government alleges that the Defendant vehicle constitutes a conveyance used or intended to be used to transport, or to facilitate the

1

transportation, sale, receipt, possession, or concealment of a controlled substance and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(4).

2. The Defendant 2003 Land Rover Range Rover, VIN: salme11443a132891, License Number 5BNH073 (hereinafter the "Defendant vehicle"), was seized on July 27, 2005, on land in the Eastern District of California by the Drug Enforcement Administration ("DEA"). On March 17, 2006, the Defendant vehicle was arrested pursuant to the Warrant and Summons of Arrest issued by U.S. Magistrate Judge Lawrence J. O'Neill. The action was published on April 6, 2006, in <u>The Daily Report</u> (Kern County) pursuant to the Order of Publication filed March 12, 2006. The Proof of Publication was filed on April 17, 2006.

3. On or about March 10, 2006, the government sent copies of the Complaint, Application, and Order for Publication, Warrant and Summons for Arrest, Order Setting Mandatory Scheduling Conference, Notice of Availability of Magistrate Judge standing order in all civil cases assigned to U.S. District Judge Oliver W. Wanger and Notice of Availability Voluntary Dispute Resolution to Ray C. Sharpe at 4625 Wynn Rd., Ste. #223, Las Vegas, NV 89103 by certified mail receipt number 7002 2030 0001 4136 1796. On or about April 4, 2006, the United States Attorney's Office received the certified mail receipt signed received by Ray Sharpe.

4. Additionally on March 20, 2006, a Deputy U.S. Marshal attempted to personally serve copies of the above listed documents, on Ray C. Sharpe at his last known address located at 1090 S. 3rd Avenue, Chula Vista, CA 91911. The address was a strip mall and the Deputy U.S. Marshal was unable to serve Mr.

2

Sharpe.

5.   On or about May 2, 2006, counsel for Plaintiff was contacted by the law firm of Byers & Warrick, seeking an extension of time to file a claim and answer on behalf of Mr. Sharpe.  Plaintiff granted Mr. Sharpe an extension until July 17. On July 17, Plaintiff was contacted by Daniel Ponce of Byers & Warrick seeking an additional one week extension on Mr. Sharpe's behalf.  Mr. Ponce indicated they needed the additional time to determine whether Mr. Sharpe wanted to pursue a claim.  To date, no claim or answer has been filed by Mr. Sharpe and no further extension of time has been sought by mr. Sharpe or any attorney on Mr. Sharpe's behalf.

6.   On May 3, 2006, Richard Alexander Garcia was personally served with copies of the Complaint, Application and Order for Publication, Warrant and Summons for Arrest, order Setting Mandatory Scheduling Conference, Notice of Availability of Magistrate Judge, standing order in all civil cases assigned to U.S. District Judge Oliver W. Wanger and Notice of Availability Voluntary Dispute Resolution.

7.   Lien holder Land Rover Capital Group (hereinafter "Capital Group"), has filed a claim and answer in this action claiming an interest in the Defendant vehicle.  Capital Group intends to request an expedited settlement with the government.

8.   To date, no other potential claimants have filed a claim or answer in this action.

9.   The government intends to file Requests for Clerk's Defaults as to both Ray C. Sharpe and Richard Alexander Garcia.
///

IV. Orders Re Amendments To Pleadings.
    1.  The parties do not anticipate filing any amendments to the pleadings at this time.
V.  Factual Summary.
    A.  Admitted Facts Which Are Deemed Proven Without Further Proceedings.
        1.  No one has yet contested the facts alleged in the Complaint.
    B.  Contested Facts.
        1.  No one has yet contested the facts alleged in the Complaint.
VI. Legal Issues.
    A.  Uncontested.
        1.  Jurisdiction exists under 28 U.S.C. §§ 1345 and 1355 and 28 U.S.C. § 881.
        2.  Venue is proper under 28 U.S.C. § 1395.
    B.  Contested.
        1.  All remaining legal issues are contested.
VII. Status of Case.
    1.  No party other than the Lienholder has appeared. The Plaintiff and the Lienholder are presently negotiating and expect to be able to resolve their respective claims.
    2.  The government plans to request the entry of default of any other claimants.
    3.  Accordingly, the parties shall notify the Court if and when they have reached a settlement. The Plaintiff shall proceed to request the entry of default of any non-appearing claimants.
    4.  Plaintiff shall notify the Court respecting any future

**need for court action after the default process has been completed.**

IT IS SO ORDERED.

**Dated:   October 13, 2006**                              /s/ Oliver W. Wanger
emm0d6                                                              UNITED STATES DISTRICT JUDGE