1  McGREGOR W. SCOTT
   United States Attorney
2  STEPHANIE HAMILTON BORCHERS
   Assistant U.S. Attorney
3  United States Courthouse
   2500 Tulare Street, Suite 4401
4  Fresno, CA 93721
   Telephone: (559) 497-4000
5  Facsimile: (559) 497-4099
   Attorney for Plaintiff
6

7

8          IN THE UNITED STATES DISTRICT COURT FOR THE

9                 EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,            **1:06-CV-00246-OWW-TAG**

12          Plaintiff,                   **STIPULATION FOR EXPEDITED
                                         SETTLEMENT AND ORDER**
13      v.                               **THEREON**

14  2003 LAND ROVER, RANGE ROVER,
    VIN: SALME11443A132891, LICENSE
15  NUMBER: 5BNH073,

16          Defendant.

17

18      IT IS HEREBY STIPULATED by and between plaintiff United States of America and

19  Claimant Land Rover Capital Group (hereinafter "Capital Group") to compromise and settle

20  claimant's claim with respect to the 2003 Land Rover Range Rover, VIN: SALME11443A132891,

21  License Number: 5BNH073, (hereinafter "defendant vehicle") according to the following terms:

22      1.      This is a civil forfeiture action against the above-referenced defendant vehicle

23  arrested on March 17, 2006, on land in the Eastern District of California.

24      2.      The parties to this Agreement hereby stipulate that any violation of 21 U.S.C. §

25  881(a)(4) involving the defendant vehicle occurred without the knowledge and consent of claimant

26  Capital Group.

27      3.      Plaintiff agrees that upon entry of a Final Judgment of Forfeiture forfeiting to the

28  United States all right, title, and interest in the defendant vehicle, and upon the sale of the defendant

                                          1

vehicle, it shall pay claimant Capital Group from the proceeds of the sale, after payment of

outstanding expenses of custody and sale incurred by the U.S. Marshals Service, the following:

       a.     All unpaid principal due to Capital Group in the amount of $25,799.36 as of

October 13, 2006, pursuant to the contract dated March 12, 2003.

       b.     All unpaid interest under the contract with a rate of 11.75% per annum, or

$8.19 per diem, from October 13, 2006, until the date of payment.

    4.     Payment to Capital Group is conditioned upon the United States prevailing against

any competing claims, including any claims by the property owner.

    5.     The payment to Capital Group shall be in full settlement and satisfaction of any and

all claims by Capital Group to the defendant vehicle arrested by the United States on or about March

17, 2006, and all claims resulting from the incidents or circumstances giving rise to this forfeiture

action.

    6.     Upon payment, Capital Group agrees to assign and convey its security interest to the

United States and to release and hold harmless the United States, and any agents, servants, and

employees of the United States (and any involved state or local law enforcement agencies and their

agents, servants, or employees), in their individual or official capacities, from any and all claims by

Capital Group and its agents that currently exist or that may arise as a result of the Government's

actions against and relating to the defendant vehicle.

    7.     As a part of this settlement, claimant Capital Group agrees not to pursue against the

United States any other rights it may have under the contract, including but not limited to, the right

to initiate a judicial or non-judicial foreclosure action.

    8.     Claimant Capital Group agrees to waive all attorneys' fees under 28 U.S.C. § 2465.

    9.     Claimant Capital Group agrees to notify the U.S. Attorney promptly if it learns of any

condition that might make an interlocutory sale appropriate.  Without limitation, Capital Group shall

notify the U.S. Attorney at the end of the first payment cycle in which a payment is not made by the

debtor under the terms specified in the note.  Capital Group further agrees to join in any motion by

the U.S. Attorney for interlocutory sale of the property.

    10.    Claimant Capital Group understands and agrees that by entering into this Expedited

1   Settlement of its interests in the defendant vehicle, it waives any rights to litigate further against the

2   United States its interest in the defendant vehicle and to petition for remission or mitigation of the

3   forfeiture.  If this Settlement is approved by the Court, then unless specifically directed by an order

4   of the Court, claimant Capital Group shall be excused and relieved from further participation in this

5   action.

6       11.     Claimant Capital Group understands and agrees that the United States reserves the

7   right to void this Expedited Settlement agreement and terminate the forfeiture action at any time for

8   legal reasons or within ninety (90) days after the date of this agreement for economic reasons.  The

9   Government shall promptly notify the lien holder of such action.

10      12.     The parties agree to execute further documents, to the extent necessary, to convey

11  clear title to the defendant vehicle to the United States and to implement further the terms of this

12  settlement.  Each party agrees to bear its own costs and attorney's fees.

13      13.     Payment to Capital Group pursuant to this settlement agreement is contingent upon a

14  court-authorized forfeiture of the defendant vehicle to the United States, the United States prevailing

15  over any third-party claims, the court's entry of a Final Judgment of Forfeiture, and sale of the

16  defendant vehicle pursuant to the final judgment.  Further, the terms of this settlement agreement

17  shall be subject to approval by the United States District Court and any violation of any terms and

18  conditions shall be construed as a violation of an Order of the Court.

19  Dated: 10/25/06                        McGREGOR W. SCOTT
                                           United States Attorney
20

21
                                           /s/ Stephanie Hamilton Borchers
22  _____                STEPHANIE HAMILTON BORCHERS
                                           Assistant U.S. Attorney
23

24  Dated: 10/24/06                        NELSON & KENNARD

25
                                           /s/ Gloria Zarco
26                                         GLORIA ZARCO
                                           Attorney for Claimant
27                                         Land Rover Capital Group

28                                         (original signature retained by attorney)
    ///

                                           3

1

**ORDER**

2          This Stipulation for Expedited Settlement is hereby APPROVED.

3     IT IS SO ORDERED.

4     **Dated:      October 30, 2006**                    **/s/ Oliver W. Wanger**
      emm0d6                                        UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28