FILED

DEC 29 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
                DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>2003 LAND ROVER RANGE ROVER, VIN: SALME11443A132891, LICENSE NUMBER: 5BNH073,<br><br>  Defendant. | 1:06-CV-00246-OWW-TAG<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT MOTION FOR DEFAULT JUDGMENT AND TO ENTER FINAL JUDGMENT OF FORFEITURE<br><br>(Doc. 31) |

Plaintiff is proceeding with a civil action for *in rem* forfeiture pursuant to 21 U.S.C. § 881 and has filed a motion for default judgment, which has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302(c)(19).

On December 18, 2006, the matter came on regularly for hearing before Magistrate Judge Theresa A. Goldner. Assistant United States Attorney Stephanie Borchers appeared telephonically for plaintiff United States of America. There was no appearance by or on behalf of any person or entity claiming an interest in the defendant vehicle.

## FACTS[1]

In March of 2005, the United States Drug Enforcement Administration ("DEA") and the Bakersfield Police Department began to investigate the activities of Richard Alexander Garcia ("Garcia"). Garcia was believed to be a distributor of methamphetamine in and around Bakersfield, in the Eastern District of California. The investigation showed that Garcia drove the defendant vehicle, which is a 2003 Land Rover Range Rover, Vehicle Identification Number

---

[1] Except as otherwise indicated, these facts were derived from Plaintiff's Complaint. (Doc. 1).

SALME11443A132891, License Number 5BNH073 ("Defendant Vehicle") to meet a detective acting in an undercover capacity ("UD") as a buyer interested in purchasing methamphetamine from Garcia.

On May 19, 2005, the UD, accompanied by an undercover DEA agent, met Garcia in a restaurant parking lot in Bakersfield and purchased approximately 150.7 gross grams of methamphetamine from Garcia. Garcia was in the Defendant Vehicle during the transaction. During the transaction and while Garcia was in the Defendant Vehicle, Garcia showed the UD a small white plastic grocery bag containing the methamphetamine, whereupon the UD gave Garcia money in exchange for the methamphetamine. On June 3, 2005, the UD and an undercover DEA agent purchased one-half pound of methamphetamine from Garcia in a grocery store parking lot in Bakersfield. Garcia was in the Defendant Vehicle during this transaction as well. During the June 3, 2005 transaction and while Garcia was in the Defendant Vehicle, Garcia showed the UD a small white plastic grocery bag containing a clear Tupperware container. Garcia opened the container and showed the UD a baggie containing the methamphetamine, whereupon the UD gave Garcia money in exchange for the methamphetamine. On July 27, 2005, upon execution of a State search warrant, law enforcement officers encountered Garcia and arrested him for various drug-related offenses, including, without limitation, possession of methamphetamine for sale, and transportation of methamphetamine with intent to sell. (California Health & Safety Code §§ 11378, 11379).

On July 25, 2007, the same day that Garcia was arrested, the DEA seized the Defendant Vehicle on land in the Eastern District of California. On March 3, 2006, Magistrate Judge Lawrence J. O'Neill issued a Warrant and Summons for Arrest of the Defendant Vehicle.[2] (Doc. 8). On March 17, 2006, the United States Marshals Service executed the Warrant and Summons for Arrest and arrested the Defendant Vehicle.[3] (Docs. 7, 8).

---

[2] This fact is derived from the Warrant and Summons for Arrest of Articles *In Rem* dated and issued March 3, 2006 and filed March 27, 2006. (Doc. 8-1).

[3] This fact is derived from the return on the Warrant and Summons for Arrest of Articles *In Rem* dated and issued March 3, 2006 and filed March 27, 2006. (Docs. 7, 8).

## PROCEDURE

A Verified Complaint For Forfeiture *In Rem* was filed on March 3, 2006, alleging that the Defendant Vehicle is subject to forfeiture because it constitutes a conveyance used or intended to be used to transport, or to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance, in violation of 21 U.S.C. § 801, et seq. (Doc. 1).

Notice of the action and seizure of the Defendant Vehicle was published, and served personally and by certified mail. On March 14, 2006, an Order issued granting Plaintiff leave to effect service by publication to individuals who might have an interest in the Defendant Vehicle, pursuant to Rule C(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims, and Rule 83-171 of the Local Rules of Practice for the United States District Court, Eastern District of California. (Doc. 6). Notice of the action and the arrest of the Defendant Vehicle was published in The Daily Report (Kern County) on April 6, 2006, and a proof of publication was filed April 12, 2006. (Doc. 9). The published notice includes a notice of arrest and seizure of the Defendant Vehicle, the filing of this action, and the procedure and deadlines to file claims and answers to the complaint in this action, and all other information required to be included in such notice. The Court finds that the published notice complies with the Court's Order for publication (Doc. 6), Rule C(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims, and Local Rule 83-171.

Three potential claimants in this action have been identified and served: Garcia, Ray C. Sharpe ("Sharpe"), and Land Rover Capital Group. Garcia is a potential claimant because he had possession of the Defendant Vehicle during the criminal investigation and on the day the Defendant Vehicle was seized. Sharpe is a potential claimant because he filed an administrative claim and, according to Land Rover Capital Group, he purchased the Defendant Vehicle from Land Rover Encino pursuant to a retail installment contract dated March 12, 2003. (Doc. 12, Exhibits A and B). Land Rover Capital Group contends that it is the owner and the holder of a priority security interest in the Defendant Vehicle. (Doc. 11, 2:14-19; Doc. 12, 2:5-10).

A DEA agent personally served Garcia in Bakersfield on May 3, 2006. (Doc. 19 Exhibit A). Service on Sharpe was executed via certified mail receipt number 7002 2030 0001 4136 1796

3

1  on an unspecified date between March 10 and April 4, 2006. (Doc. 22-2). On April 4, 2006, the
2  United States Attorney's Office received a call from Daniel Ponce with the Law Office of Robert
3  Byers, advising that Sharpe received the Verified Complaint and related case documents at the
4  address shown on the certified mail receipt. (Declaration of FSA Paralegal III Autumn Magee
5  dated August 14, 2006, Doc. 22-2, 2:4-9). Additional copies of the Verified Complaint and
6  related case documents were sent to the Law Office of Robert Byers via certified mail receipt
7  number 7002 2030 0001 4136 2816. (Doc. 22-2, 2:13-15). On or about April 17, 2006, the
8  United States Attorney's Office received the certified mail receipt signed and dated April 6, 2006.
9  (Doc. 22-2, 2:15-18).

10       On May 2, 2006, the United States Attorney's Office received a letter from the Law Office
11  of Robert Byers, requesting an extension of time to file a verified claim and answer on behalf of
12  Sharpe. (Doc. 22-2, 2:27-28, 3:1). The United States Attorney's Office agreed to extend the time
13  for Sharpe to file a verified claim and answer to approximately July 24, 2006. (Doc. 22-2, 3:1-10).
14  The certified mailings and extension agreements are documented in writing and are the subject of
15  Paralegal Magee's Declaration dated August 14, 2006 in connection with an Application for Entry
16  of Default against Ray C. Sharpe filed August 14, 2006. (Doc. 22).

17       In connection with Applications for Entry of Default against potential claimants Garcia
18  and Sharpe, Paralegal Magee also declared under penalty of perjury that, on information and
19  belief, Garcia and Sharpe were not in the military service and were not infants or incapacitated
20  persons. (Docs. 22, 25). Neither potential claimants Garcia nor Sharpe have filed an answer or a
21  claim, or otherwise defended the action. The Clerk entered defaults as to Sharpe and Garcia on
22  August 25 and October 2, 2006, respectively. (Docs. 24, 26).

23       On April 18, 2006, Land Rover Capital Group, filed a Verified Answer and a Verified
24  Claim alleging that, in March 2003, Sharpe entered into a retail installment sale contract to
25  purchase the Defendant Vehicle. (Docs. 11, 12). Land Rover Capital Group alleged that, under
26  the terms of the contract, Sharpe owes Land Rover Capital Group the principal sum of $33,194.36
27  as of April 6, 2006, plus interest at the rate of $10.62 per day from April 6, 2006. (Doc. 12, 2:12-
28  14.). On October 30, 2006, Plaintiff filed a Stipulation for Expedited Settlement with a proposed

order thereon, in settlement of Land Rover Capital Group's claim with respect to the Defendant Vehicle. In accordance with the settlement agreement, upon entry of judgments against Sharpe and Garcia and a final judgment of forfeiture, Land Rover Capital Group agrees to waive its claim in the Defendant Vehicle in exchange for payment of the principal and interest it is owed. (Doc. 30). An Order issued approving the Stipulation for Expedited Settlement on October 31, 2006. (Doc. 31).

## ANALYSIS

### I. Introduction

A court has the discretion to enter a default judgment against one who is not an infant, incompetent, or a member of the armed services where the claim is for an amount that is not certain on the face of the claim and where 1) the defendant has been served with the claim; 2) the defendant's default has been entered for failure to appear; 3) if the defendant has appeared in the action, the defendant has been served with written notice of the application for judgment at least three days before the hearing on the application; and 4) the court has undertaken any necessary and proper investigation or hearing in order to enter judgment or carry it into effect. Fed. R. Civ. P. 55(b); Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). Factors that may be considered by courts in exercising discretion as to the entry of a default judgment and as to setting aside a default include the nature and extent of the delay, Draper v. Coombs, 792 F.2d 915, 924-925 (9th Cir. 1986); the possibility of prejudice to the plaintiff, Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986); the merits of Plaintiff's substantive claim, id.; the sufficiency of the allegations in the complaint to support judgment, Alan Neuman Productions, Inc., 862 F.2d at 1392; the amount in controversy, Eitel v. McCool, 782 F.2d at 1471-1472; the possibility of a dispute concerning material facts, id.; whether the default was due to excusable neglect, id.; and the strong policy underlying the Federal Rules of Civil Procedure that favors decisions on the merits, id..

With respect to default judgments in proceedings that are *in rem* actions for forfeiture, both the general Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims apply, but the latter rules prevail if there is an inconsistency.

Rules A(2) and C(1)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims permit an action *in rem* to be brought whenever a statute of the United States provides for a proceeding analogous to a maritime action *in rem*. The relevant portions of Rule C(2) indicates that, in an action in rem, the complaint must:

> (a) be verified;
> (b) describe with reasonable particularity the property that is the subject of the action;
> ...
> (d) in a forfeiture proceeding for violation of a federal statue, state: (I) the place of seizure and whether it was on land or on navigable waters; (ii) whether the property is within the district, and if the property is not within the district the statutory basis for the court's exercise of jurisdiction over the property; and (iii) all allegations required by the statute under which the action is brought.

Title 21, section 881(a)(4) of the United States Code provides that all "conveyances, including ... vehicles ..., which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of" a controlled substance shall be subject to forfeiture to the United States and no property rights shall exist in them. Section 881(b) provides that any such property may be seized by the government upon process issued pursuant to the Supplemental Rules by the district court having jurisdiction over the property, and that the government may request the issuance of a warrant.

## II. Sufficiency of the Complaint

A default judgment generally bars the defaulting party from disputing the facts alleged in the complaint, but the defaulting party may argue that the facts as alleged do not state a claim. Alan Neuman Productions, Inc., 862 F.2d at 1392. Thus, well pled factual allegations, except as to damages, are taken as true; however, "necessary facts not contained in the pleadings and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992).

As noted above, Rule C(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims indicates that, in an action *in rem*, the complaint must:

> (a) be verified;
> (b) describe with reasonable particularity the property that is the subject of the action;
> ...
> (d) in a forfeiture proceeding for violation of a federal statue, state: (I) the place of seizure and whether it was on land or on navigable waters; (ii) whether the property is within the district, and if the property is not within the district the statutory basis for the court's

exercise of jurisdiction over the property; and (iii) all allegations required by the statute under which the action is brought.

Here, the Verified Complaint 1) was verified; 2) described the property with particularity; 3) alleged specific facts indicating that the Defendant Vehicle was subject to forfeiture because it was used to transport, or to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance in violation of 21 U.S.C. § 801, et seq., and thus included the allegations required by the statute under which the action was brought; and 4) contained allegations warranting an inference that the property was seized on land within the district. Accordingly, the allegations of the complaint were sufficient to meet the requirements set forth in Rule C(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

III. Entry of Default

The Clerk entered default as to Sharpe on August 25, 2006 and entered default as to Garcia on October 2, 2006. (Docs. 24, 26).

IV. Notice

Local Rule A-540 provides that a party seeking a default judgment in an action *in rem* shall show to the satisfaction of the Court that due notice of the action and arrest of the property has been given. The rule requires notice by personal service of the person having custody of the property or on the person previously having custody of the property if the property is in the hands of a law enforcement officer.

Here, the Verified Complaint alleges that on May 19, 2005, Garcia drove the Defendant Vehicle to meet the UD, who was acting as a buyer interested in purchasing methamphetamine from Garcia. The Verified Complaint further alleges that Garcia used the Defendant Vehicle on May 19 and June 3, 2005, when the UD and the Agent met him and purchased methamphetamine, prior to Garcia's arrest on July 27, 2005, when the Defendant Vehicle was seized. Accordingly, according to the Verified Complaint, Garcia had possession of the Defendant Vehicle on the day it was seized by law enforcement.

On May 3, 2006, Garcia was personally served with copies of the Complaint, Application and Order for Publication, Warrant and Summons for Arrest, Order Setting Mandatory Scheduling

7

Conference, Notice of Availability of Magistrate Judge, standing order in all civil cases assigned to U.S. District Judge Oliver W. Wanger, and Notice of Availability Voluntary Dispute Resolution. (Docs. 16, 25). To date, no answer, response or claim has been filed by or on behalf of Garcia in this action. Accordingly, the Court finds that the pertinent provisions of Local Rule A-540 have been satisfied as to potential claimant Garcia.

On April 16, 2006, Land Rover Capital Group filed a Verified Answer and a Verified Claim, alleging that on March 12, 2003, Sharpe signed and delivered an installment sales contract and thereby acquired possession of the Defendant Vehicle. (Docs 11, 12). The Verified Claim also alleges that Land Rover Capital Group is the owner and holder of a priority security interest in the Defendant Vehicle. (Doc. 12). On or about March 10, 2006, Plaintiff sent copies of the Complaint, Application and Order for Publication, Warrant and Summons for Arrest, Order Setting Mandatory Scheduling Conference, Notice of Availability of Magistrate Judge, standing order in all civil cases assigned to U.S. District Judge Oliver W. Wanger, and Notice of Availability Voluntary Dispute Resolution to Sharpe at 4625 Wynn Road, Suite 223, Las Vegas, Nevada 89103, by certified mail receipt number 7002 2030 0001 4136 1796. On or about April 4, 2006, the United States Attorney's Office received the certified mail receipt signed received by Sharpe. (Doc. 22-2). To date, no answer, response, or claim has been filed by or on behalf of Sharpe in this action. Accordingly, the Court finds that the pertinent provisions of Local Rule A-540 have been satisfied as to potential claimant Sharpe.

Rule C(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims requires that the notice given include execution of process and public notice of the action and arrest in a newspaper designated by court order and having general circulation in the district that specifies the time under Rule C(6) to file a statement of interest or right against the seized property and to answer. Local Rule A-530[4] provides that the notice required under Rule C(4) shall be published

---

[4] Local Rule A-500 provides that the local admiralty and in rem rules for the United District Court for the Eastern District of California apply to all in rem and quasi in rem proceedings referenced in Supp. R. Adm. A.

8

once in accordance with Local Rule 83-171[5] and shall contain the court, title and number of the action; the date of the arrest; the identity of the property arrested; the name, address and telephone number of the attorney for the plaintiff; a statement that claims of persons entitled to possession or claiming an interest therein, answers to the complaint, and applications for intervention under Fed. R. Civ. P. 24 must be filed and served on the attorney for the plaintiff in accordance with the time specified in Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims or default may be entered and condemnation ordered in the absence thereof; the name, address and telephone number of the Marshal; and any such other information as the Court may order. Local Rule A-530. Local Rule A-530 also requires that proof of publication shall be filed no later than thirty days after the date of publication, together with a copy of the publication itself.

Here, the Defendant Vehicle was arrested in March 2006 pursuant to a Warrant and Summons for Arrest issued on March 3, 2006. (Doc. 8). The action was published on April 6, 2006 in The Daily Report (Kern County) pursuant to an Order for Publication filed March 14, 2006. (Doc. 6). Proof of publication was filed April 17, 2006. (Doc. 9). The Court has considered the notice given, including the execution of process and public notice of the action and arrest, the contents of the notice, the date and place of publication, and the proof of service thereof, and finds that there are no notice deficiencies in this case.

V. Default Judgment

Local Rule A-540 provides that upon a showing that no one has appeared to claim the property and give security, and that due notice of the action and arrest of the property has been given, a party may move for judgment at any time after the time for answer has expired; if no one has appeared, the party may have an ex parte hearing before the Court and judgment without further notice. Where no one has filed a claim after appropriate service of process, then a default judgment is in order. See United States v. $501,958, 633 F. Supp. 1300, 1302 (N.D. Ill 1986).

///

---

[5] Local Rule 83-171 provides that in each instance in which publication of any notice is required or permitted, the Court shall designate by order the appropriate newspaper for publication pursuant to counsel's application setting forth particular information.

      Here, neither Garcia nor Sharpe have appeared in this action to claim the Defendant Vehicle or give security, despite having been given due notice of the action and the arrest of the Defendant Vehicle. Accordingly, the Court finds that all requirements for default judgment against Garcia and Sharpe have been met, that Plaintiff is entitled to a default judgment as to any interest or potential interest that Garcia and Sharpe may have or claim to have in the Defendant Vehicle. The Verified Claim filed by Land Rover Capital Group has been settled as set forth in the Stipulation for Expedited Settlement Agreement, which has been approved by the Court. (Doc. 30). The recommendations below are consistent with the terms of the settlement.

## RECOMMENDATIONS

Accordingly, it IS RECOMMENDED that:

1. Plaintiff's motion for default judgment be GRANTED as to potential claimants Ray C. Sharpe and Richard Alexander Garcia;

2. A judgment by default be ENTERED against any right, title, and interest in the 2003 Land Rover Range Rover, VIN: SALME11443A132891, License Number: 5BNH073 ("Defendant Vehicle") of Ray C. Sharpe and Richard Alexander Garcia;

3. A final judgment be ENTERED, forfeiting all right, title, and interest in the Defendant Vehicle, to the United States of America, to be disposed of according to law, including all right, title and interest of Ray C. Sharpe and Richard Alexander Garcia, and subject only to the interest of claimant Land Rover Capital Group pursuant to the Stipulation for Expedited Settlement and Order thereon filed on October 31, 2006 (Doc. 30);

4. Title to the Defendant Vehicle shall vest solely in the name of the United States of America, subject only to the interest of claimant Land Rover Capital Group;

5. Pursuant to the Stipulation for Expedited Settlement and Order thereon (Doc. 30) Land Rover Capital Group shall be paid directly from the proceeds of the sale of the Defendant Vehicle, after payment of all outstanding expenses of custody and sale incurred by the United States Marshals Service, in full settlement and satisfaction of Land Rover Capital Group's claims, the following:

///

   a. All unpaid principal due to Land Rover Capital Group in the amount of $25,799.36 as of October 13, 2006, pursuant to the contract dated March 12, 2003, as set forth in the Stipulation for Expedited Settlement and Order thereon; and

   b. All unpaid interest under such contract, calculated at the rate of 11.75% per annum, or $8.19 per diem, from October 13, 2006, until the date of payment, as set forth in the Stipulation for Expedited Settlement and Order thereon.

  6. All parties shall bear their own costs and attorney's fees, as set forth in the Stipulation for Expedited Settlement and Order thereon.

  These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) court days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Responses to the objections shall be served and filed within ten (10) court days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: December 29, 2006

Theresa A. Goldner
United States Magistrate Judge